IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| KAREN OVELY TEJEDA REYES, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>SARAH SALDANA, )<br>    Director, Immigration )<br>    and Customs Enforcement, )<br>)<br>    Respondent. ) | Civil Action No. 1:16-cv-734 |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on a Motion to Dismiss by Respondent Sarah Saldana, Director of Immigration and Customs Enforcement ("Respondent" or "ICE"). Petitioner Karen Ovely Tejeda Reyes ("Petitioner") brings this action as a petition for writ of habeas corpus to challenge her 2005 expedited removal order and the expedited removal regulatory scheme.

Petitioner is a citizen of Honduras. She endured years of violence from various family members before she fled Honduras to come to the United States. She entered the United States on or around October 7, 2005. U.S. Customs and Border Protection ("CBP") agents apprehended Petitioner near the Eagle Pass, Texas, Port of Entry and placed her in expedited removal

proceedings. During these proceedings, CBP officers interviewed Petitioner on the reasons she left Honduras and the reasons she came to the United States. Petitioner told the officers that she came to the United States with the intention of working in Virginia. Petitioner alleges that CBP officers did not ask her if she had fears or concerns about returning to Honduras, and that she was never asked if she would be harmed if she were returned to Honduras. Petitioner also alleges that the agents did not mention asylum to her.

On October 7, 2005, CBP issued an expedited removal order for Petitioner in accordance with 8 U.S.C. § 1225(b)(1), finding that Petitioner was inadmissible because she did not possess a valid entry document. On October 17, 2005, Petitioner was removed from the United States to Honduras and advised that she was prohibited from entering, attempting to enter, or being in the United States for five years. On or about January 22, 2006, Petitioner re-entered the United States after having fled Honduras again. Petitioner currently resides at her home in Falls Church, Virginia, with her partner and her children.

In order to be lawfully present in the United States, a foreign citizen must gain lawful entry into the United States after inspection and authorization by an immigration officer. 8 U.S.C. § 1101(a)(13)(A). A foreign citizen who cannot demonstrate to an immigration officer that she is eligible for

2

lawful entry is considered inadmissible. 8 U.S.C. § 1182(a). Individuals who are found inadmissible are subject to removal from the United States. 8 U.S.C. §§ 1225(b)(1); 1227(a). The expedited removal process concerns two categories of individuals found inadmissible: (1) "arriving aliens," or aliens who are applicants for admission coming or attempting to come into the United States at a port-of-entry, 8 C.F.R. §§ 1.2; 1001.1(1); and (2) those aliens who effected entry into the United States without inspection, and have not been continuously present in the United States for the two years prior to the finding of inadmissibility. See 8 U.S.C. § 1225(b)(1)(A)(I).

If an immigration officer determines that a foreign citizen under either of the two above categories is inadmissible because she lacks documentation authorizing entry or is in possession of fraudulent documentation, the officer shall order that individual removed from the United States without further hearing or review. 8 U.S.C. § 1225(b)(1)(A)(I).

If a foreign citizen who is ordered removed or whose removal order is reinstated pursuant to this expedited process articulates a fear of persecution in her native country, she may obtain relief from the expedited removal order in the form of asylum. See 8 U.S.C. § 1225(b)(1)(B)(iii)(III). If an alien to whom an expedited removal order is issued expresses a fear of persecution or torture, or a fear of returning to her own

country, the inspecting officer shall not proceed with removal until the alien has been referred for an interview by an asylum officer. 8 C.F.R. § 235.3(b)(4). During the interview, the asylum officer seeks to determine whether the alien has a credible fear of persecution—that is, a significant possibility that the alien could establish eligibility for asylum. At the conclusion of the interview, the alien is referred to an Immigration Judge for administrative review of either an actual asylum application, or a negative "credible fear" determination. 8 U.S.C. § 1225(b)(1)(B); 8 C.F.R. §§ 235.6, 208.31(e). An alien with a prior order of removal is ineligible for asylum. 8 C.F.R. § 208.31(g)(2)(i).

In her writ of habeas corpus, Petitioner alleges that she is barred from seeking asylum pursuant to C.F.R. § 208.31 because of her prior order of removal. She argues that this regulation is contrary to law because the asylum statute, codified at 8 U.S.C. § 1158, authorizes "any alien," irrespective of such alien's status, to apply for asylum in the United States. Petitioner also argues that CBP had an affirmative duty to inquire whether Petitioner feared returning to Honduras before ordering her removed. In Count I, Petitioner asks the Court to strike the portions of the expedited removal regulations that do not allow individuals with prior removal orders from applying for asylum. In Count II, Petitioner asks

4

that the Court find that CBP violated her statutory right to seek a credible fear interview and a right to a hearing before an asylum office in 2005. Respondent now moves to dismiss Petitioner's writ of habeas corpus.

The Court first addresses whether it has subject matter jurisdiction over this case under Federal Rule of Civil Procedure 12(b)(1). The plaintiff bears the burden of establishing the court's subject matter jurisdiction. See Richmond, Fredericksburg, & Potomac R.R. Corp. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). Although the Court may utilize the allegations contained in the plaintiff's complaint as evidence in determining whether it possesses jurisdiction over a dispute, it may also consider other evidence outside the pleadings if necessary. Id.

This Court lacks jurisdiction over this case because Petitioner is not in the custody of the United States. Pursuant to 28 U.S.C. § 2241, the writ of habeas corpus shall not extend to a detainee unless she is in the custody of the United States or under United States law. See 28 U.S.C. § 2241(c). Petitioner argues that she meets the custody requirements for habeas purposes because where the petitioner is subject to a final order of deportation, the "custody" requirement is satisfied, particularly where the alien has been released on condition of posting a bond. See Mojica v. Reno, 970 F. Supp.

5

130, 164 (E.D.N.Y. 1997). First, Petitioner relies on cases where the petitioners challenging their removal orders had been released from immigration detention on bond. That is not the case here; Petitioner is not released from federal custody on bond or under any other term of federal supervision. Second, Petitioner is not currently subject to any removal order. Although she was ordered removed in 2005, that order was executed eleven years ago and is no longer outstanding. It remains possible that, at some point in the future, ICE could reinstate her removal order, but she is not currently subject to any reinstated removal order. As a result, Petitioner has not asserted a basis for this Court's jurisdiction under 28 U.S.C. § 2241.

Furthermore, this Court lacks jurisdiction over Petitioner's facial challenge to the regulations in Count I. In Count I, Petitioner asks this Court to strike those portions of the expedited removal regulations, codified at 8 C.F.R. § 208.31, that do not allow individuals with prior removal orders to apply for asylum. However, this Court is precluded from considering any facial challenge to the regulations because Petitioner filed her action past the relevant statute of limitations for such a challenge and because Petitioner filed this action in the wrong court.

Congress provided a 60-day statute of limitations for any judicial review of regulations implementing 8 U.S.C. § 1252, including the regulations at issue here. See 8 U.S.C. § 1252(e)(3). Here, the regulation at issue became effective in its current form on March 22, 1999. See 8 C.F.R. § 208.31(g)(2)(i); 64 Fed. Reg. 8478-01. Thus, any facial challenge to the regulation could be filed on or before May 21, 1999—seventeen years before Petitioner filed her petition. Moreover, Congress provided that a facial challenge to the regulations implementing section 1252 could only be brought in an action instituted in the United States District Court in the District of Columbia. 8 U.S.C. § 1252(e)(3)(A)(ii). As a result, this Court lacks jurisdiction to hear Petitioner's challenge.

Furthermore, this Court also lacks jurisdiction to review Petitioner's 2005 expedited removal order in Count II because Congress has precluded Article III judicial review of any individual determination to issue an expedited removal order, or any claim that is at all related to such an order. See 8 U.S.C. § 1252(a)(2)(A). Congress has limited judicial review of expedited removal orders under petitions for habeas corpus to only three threshold issues: (1) whether the petitioner is an alien; (2) whether the petitioner was ordered removed under 8 U.S.C. § 1225(b)(1); and (3) whether the alien can demonstrate

7

that he had previously been admitted to permanent residence or granted asylum. 8 U.S.C. § 1252(e)(2). In the instant case, Petitioner does not contest that she (1) is an alien; (2) was ordered removed pursuant to § 1225(b)(1); and (3) has never received asylum or other lawful status in the United States. Thus, an Article III court cannot review whether an immigration officer correctly found her inadmissible or followed the proper process in issuing an expedited removal order.

For the foregoing reasons, this Court lacks any jurisdiction to consider Petitioner's claim, and Petitioner's writ of habeas corpus must be dismissed. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
January _10_, 2017